Dudley M. Ferguson, Esq. Village Attorney, Northville
This is in reply to your letter to this office wherein you state that the Village of Northville, which you represent, contracts with the Town of Northampton to provide fire protection for the town. In the recent November election, the village fire chief and second assistant fire chief were candidates for the Town Board of the Town of Northampton, and in a follow-up letter you indicate that one of them was elected to the town board. You therefore inquire whether the individual so elected may continue to hold his fire chief office, and whether the town may continue to contract with the village.
Under the rule established in People ex rel. Ryan v Green (58 N.Y. 295), two public offices are deemed incompatible when their functions are inconsistent such that one person could not faithfully and impartially discharge the duties of both.
The duties of a village fire chief are set forth in section 10-1018
of the Village Law. Generally, the fire chief supervises the members of the fire department at all fires, has control of the equipment and property of the department, and is responsible for holding the members and employees of the department strictly to account for neglect of duty. In the absence of the chief, the assistant chiefs, in order of rank, perform the duties and have all the powers of the chief.
It does not appear, therefore, that fully performing the duties of village fire chief would prevent a person from also properly executing all of the duties of town councilman. Although the town and the village have a contract between them for fire protection, the fire chief in a village does not have the power or authority to negotiate or approve such a contract on behalf of the village. There does not appear to be any other obvious instance where the duties of the two offices would conflict.
It should also be noted that a "conflict of interest" within the meaning of Article 18 of the General Municipal Law does not result when the same person holds both offices in question here. Article 18 applies in a situation where an officer or employee of a municipality has a contract with the municipality which he serves, and that is not the case in this instance.
We are also not aware of any constitutional or statutory provision which would prohibit a person from holding both offices simultaneously.
We conclude, therefore, that a village fire chief or assistant chief may simultaneously serve on the town board of the town within which the village is located, notwithstanding that the village has a contract with the town to provide fire protection to the town. The town and village are not prohibited from further contracting with regard to fire protection for the town by the village.